Louis B. Heller, J.
The relator, who was convicted after trial (on July 18, 1972), of the crimes of assault in the third degree, criminal mischief, and resisting arrest, all misdemeanors, has been incarcerated since the day he was arrested, i.e., October 23,1971.
In his petition for a writ of habeas corpus he contends that he is now being illegally detained since under the provisions of section 70.25 of the Penal Law he is subject to a maximum sentence not to exceed one year in that the “ offenses * * * were committed as parts of a single incident or transaction ”. He maintains that he is subject only to a concurrent sentence of one year. He argues that the most a defendant under such circumstances can serve on a sentence of one year is 10 months with 2 months off as credit for good behavior. As an additional argument he advances the fact that the probation report ‘ ‘ is not anywhere near ready.” He claims to have been certified as a nonaddict and argues that he is not a youth. His position is that he is now illegally in custody, hence this writ.
A brief resumé of the facts elicited at the trial is in order.
One Stanley Greenfield testified that on October 23, 1971, in the early hours of that morning, he and his wife entered the elevator of their apartment house in order to ride to their apartment which was located on the eighth floor. Just before the elevator door closed, the relator ran into the elevator. When the elevator reached the eighth floor, the complainant and his wife tried to leave, but Orr grabbed Greenfield by the neck and Mrs. Greenfield around the neck and a scuffle ensued. The relator broke Mr. Greenfield’s nose, knocked out one of his teeth and caused bruises and abrasions to his face. However, Mrs. Greenfield was able to flee on the eighth floor while Orr continued to assult the complainant as the elevator ascended to the tenth floor. There the relator, holding the complainant in a headlock, *275 left the elevator with the complainant. He continued his assault as he forced the complainant down the staircase to the ninth floor.
During this interlude, Mrs. Greenfield was screaming for help and a Mrs. Snelling, a tenant on the ninth floor, opened her apartment door, at which moment Orr released his hold on the complainant and fled into the Snelling apartment. In the Snelling apartment relator broke dishes, glasses and lamps. He smashed a window and a mirror. He also broke a leg off a coffee table and the antenna on the television set. At the trial, Mrs. Snelling estimated that the damages amounted to between $350 and $400.
The police were called and the testimony is that it took several police officers about five minutes to subdue and to overcome the resisting relator and arrest him.
The position taken by the prosecutor on this writ is that there were at least two separate actions, i.e., the assault on Greenfield, the malicious mischief committed in the Snelling apartment, “ and possibly three ” (resisting of arrest by the relator).
The pertinent section of the Penal Law involved here is 70.25. Subdivision 2 reads as follows: “ When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently. ’ ’
Subdivision 3 reads: ‘ ‘ Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year.”
The relator relies on People v. Nelson (32 A D 2d 952). There the defendant pleaded guilty to the crimes of criminal trespass in the first degree and petit larceny and was sentenced to separate one-year terms for each crime; said sentences were directed to run consecutively. The defendant Nelson had broken into an inn and had stolen some whiskey valued at $18. The District Attorney conceded that the trespass and the larceny were continuing crimes and part of a single transaction and did not oppose the appeal. In reversing the judgment and remanding the defendant for resentence the Appellate Division held that the larceny occurred during the trespass and that the two crimes ‘ ‘ were part of1 a single transaction. ’ ’
*276 The instant case is clearly distinguishable. The assault upon Greenfield was consummated and completed when the relator released him and fled into the Snelling apartment and committed the criminal mischief. These were not ‘1 parts of a -single incident or transaction.” The assault was one “incident” or “transaction.” The act of fleeing to the Snelling apartment and there breaking the household effects was an entirely different “incident or transaction ” (Penal Law, § 70.25, subd. 3).
Under these circumstances the court can properly impose consecutive sentences for each crime (see People v. Baker, 19 N Y 2d 982; People ex rel. Maurer v. Jackson, 2 N Y 2d 259).
As noted, the relator was found guilty after trial on July 18, 1972 and up to the present (September 25, 1972) the Probation Department has not prepared its report. It should, however, be noted that that department is investigating the facts and circumstances and will, I am advised, have its report ready for September 29,1972.
In People ex rel. Harty v. Fay (10 N Y 2d 374), the Court of Appeals enunciated the rule that “ a long and unnecessary failure to sentence is not only an error but results in lack of jurisdiction ” (p. 379).
CPL 380.30, entitled “ Time for Pronouncing Sentence,” provides: “1. In general. Sentence must be pronounced without unreasonable delay.”
The Court of Appeals in its Harty decision (supra) made it crystal clear that this is interpreted to apply to extremely long and unreasonable delays only.
In People ex rel. Hunter v. Fay (25 A D 2d 568), the court held that a four-month delay between plea and sentence ‘ ‘ clearly was not such an extremely long and unreasonable delay as to come within the rule set down by the Court of Appeals in People ex rel. Harty v. Fay,” and held that the sentencing- court did not lose its jurisdiction to impose sentence. To the same effect: People ex rel. Accurso v. McMann (23 A D 2d 936).
Here the hiatus between the date of conviction and the present is two months. Under the circumstances, this court has not lost jurisdiction and can properly impose sentence.
For all of the foregoing reasons the writ of habeas corpus is dismissed and the relator is directed to be returned to whence he came.